## CHAMBERS v. HUNT.

1. In replevin, when defendant pleads property in himself, and traverses the allegation of property in the plaintiff, and plaintiff replies by denying property in defendant, and reaffirming it in himself, the burthen of proof lies on the plaintiff, who must show property in himself; and if plaintiff and defendant appear to be joint owners, the defendant is entitled to a verdict.

2. In such case the only issue is property in plaintiff, or not; the allegation of property in defendant is only inducement, and not traversable, but *it would seem* that, to entitle defendant to a judgment of return, the allegation of property in himself must be found for him.

3. The permission of leading questions to a witness in direct examination, is in the discretion of the court, and no ground for reversal; if improperly permitted, the remedy is a new trial. When a witness is examined by commission, the proper time to object to a question, as too leading, is on the settlement of the interrogatories, and not at the trial.

4. It is error to prove what a deceased witness testified to upon a former trial between the same parties, without proving the fact of such trial by the record; but the error is cured if such record proof be produced before the close of the evidence.

5. The fact of payment may be proved by parol, although there is written evidence, as a receipt, by which it might be proved. But when the fact of payment is attempted to be proved by the giving of a bill or order, the contents of such bill or order, or of the receipt of the party receiving the same, cannot be given in evidence without first satisfactorily accounting for the absence of the paper itself.

This cause came up from the Supreme Court by writ of error. The plaintiff had brought an action of replevin in the Supreme Court to recover a sloop, with her apparel. To a declaration in the usual form, defendant pleaded, that the sloop was the property of the defendant, and not the property of the plaintiff. Replication, that the sloop was not the property of the defendant, but of the plaintiff, and issue thereon to the country.

On the trial at the circuit, the plaintiff proved a conveyance of the sloop to him alone, by documentary title; the defendant, on his part, offered proof that plaintiff had sold one moiety of the sloop to him by parol. To this evidence the plaintiff objected, on the ground that the sale of a vessel must be in writing, and to the decision of the court, admitting the evidence, took a bill of exceptions.

The plaintiff, on the trial, objected to the admission of the depositions of an absent witness for the defendant, taken on commission, on the ground that the interrogatories were too leading. The court admitted the evidence, to which decision plaintiff excepted.

The defendant offered evidence of what a witness, now deceased, had sworn to on a former trial between the same parties, no record of such trial being first produced. The plaintiff objected to this evidence, and excepted to the opinion of the court admitting it.

The defendant offered, as part of the proof of his parol purchase of one half of the sloop, to show payment by a bill, or order, given by him to the plaintiff, on one Mills, for $800 or $1000; and proved the contents of the order, and of the receipt of the plaintiff thereon to Mills for the amount, without accounting in any way for the absence or loss of the order and receipt. To this evidence the plaintiff objected. It was admitted by the court, and to this admission the plaintiff excepted.

The jury rendered a verdict negativing the property in the plaintiff and for damages, without finding whether the property was in the defendant or not, it at the same time appearing from the evidence, as stated in the bill of exceptions, that the sloop and her apparel were owned by the defendant and plaintiff jointly.

Upon this verdict judgment was rendered in the Supreme Court, as well for a return as for damages and costs.

*S. G. Potts* and *W. Halsted*, for plaintiff in error.

1. The verdict is ambiguous, and is no response to the issue; it should have met both branches of the issue.

The evidence only shows title in Hunt to one half of the vessel, and that title but a contingent interest. When the property is partly in the plaintiff the plea should be in abatement, and not in bar.

The judgment is not supported by the verdict. *Pierce* v. *Vandyke*, 6 *Hill* 613; *Rogers* v. *Arnold*, 12 *Wend.* 30; *Bemus* v. *Beekman*, 3 *Ib.* 667; *Cro. Jac.* 519; *Ib.* 611; 2 *Lev.*

92 ; 6 *Mod.* 103 ; *Moore* v. *Shenk*, 3 *Barr.* 20 ; *Gilb. Repl.* 175 ; 4 *Taunt.* 320 ; 2 *Lil. Entr.* 358, 512 ; 1 *Saund.* 346 ; 1 *Str.* 507 ; 3 *Har.* 347, 359, &c. ; 4 *Mason* 515, 538.

2. The ownership of the vessel was only proved by parol. The defendant could not so support his claim of title to the vessel, or part of it, for the title could only pass by written instrument. 3 *Kent* 130, (5th ed.) ; 2 *B. & Cresw.* 627 ; 1 *Stark. R.* 175 ; 5 *T. R.* 709 ; 2 *Ib.* 462 ; 1 *Mason* 317 ; 4 *Ib.* 390, 394 ; *Story on Sales* 251.

3. The interrogatories were too leading, and the exceptions to them should have been sustained. 1 *Greenl. Ev.* § 434 ; 4 *Wend.* 247 ; 2 *Ib.* 71.

4. Proof of contents of written paper should not have been admitted until the loss of the paper had been proved, or notice to produce it, if in the possession of the opposite party. 1 *Greenl. Ev.* § 88 ; 1 *South.* 93 ; 2 *Cow. Phil. Ev.* 547, *note.*

5. Evidence, as to what a witness swore on a former trial, was admitted, without first producing the record of such trial.

*S. R. Hamilton* and *Vroom,* who argued the case for the defendant, cited *Co. Lit.* 145, *b.;* 1 *Har. & Gill* 308, 322 ; 1 *Salk.* 290 ; *Cowp.* 450 ; 9 *Wend.* 338 ; 9 *Cow.* 330 ; 3 *John.* 175 ; 12 *Wend.* 30 ; 21 *Ib.* 205 ; *Hunt* v. *Chambers,* 6 *Penn. Law Journal* 82 ; 3 *Wash. C. C. R.* 209 ; 1 *Greenl. Ev.* § 89 ; *Ib.* 261 ; 15 *John.* 298 ; 14 *Ib.* 201 ; 7 *Cow.* 334 ; 2 *Cow. Phil. Ev.* 547, *notes.*

CARPENTER, J., delivered the opinion of the court.

This cause has heretofore been before this court, and certainly so much of the argument of the counsel of the plaintiff in error, as relates to the character of the plea of property, and to the evidence admissible under that plea, was then fully considered, and, I think, clearly settled, after a thorough examination, both by the counsel and the court. As I understand it, we then held, as clear law, that one of two joint owners, or tenants in common of personal property, could not maintain replevin against the other : and further, that in such action, property being pleaded by the defendant, the affirmative of the issue joined on such plea was on the plaintiff. The affirm-

ative being on the plaintiff, upon the principle already referred to, it followed that he must prove property in himself, absolute or qualified, to the entire chattels, or what, in reference to this plea, amounts to the same thing, a right of exclusive possession at the time of bringing the action. Whatever the plaintiff must prove in order to maintain his action, the defendant may disprove; and evidence that the defendant owned half the vessel, offered by him to rebut the plaintiff's proof having been overruled, the court for that error reversed the judgment. *Hunt* v. *Chambers*, 1 *Zab.* 620. The principles above stated, it seems to me, were clearly involved in the decision then made. I do not perceive how the testimony offered could have been held admissible on any other grounds.

The case on the former writ of error came up in this wise. On the trial below, the plaintiff had shown *prima facie* proof of ownership. He had shown that the vessel in controversy had been purchased in his name, and that a bill of sale had been executed to him by the vendor. The defendant then offered to prove that, in point of fact, the vessel had been purchased jointly by himself and the plaintiff; that he owned one half of her, and that he, the defendant, had been, from the time of the purchase until the commencement of the action, in the actual possession, with the plaintiff's assent, in the double capacity of master and joint owner. This evidence (except so much as went to show that Hunt was in possession with the plaintiff's assent, as master,) was overruled as incompetent. Upon the review, this court held this evidence to be competent under the plea to rebut the title of the plaintiff, and, it having been rejected, reversed the judgment below. The plaintiff under the issue held the affirmative, and was bound to prove his ownership of the entire chattel, or, in other words, his right of exclusive possession at the time of the commencement of the action. This proof being necessary, on his part, to maintain the action, the defendant was entitled to rebut it. Although in his plea, by way of inducement to the traverse of the plaintiff's title, he had alleged the entire property in himself, yet it was held that he might, under that plea, show that he and the plaintiff were joint owners, and thus rebut the

right of exclusive possession set up by the plaintiff. This much, as to the character and effect of the plea, and as to the evidence admissible under it, was then clearly decided by this court. I expressed at length, on that occasion, my reasons for concurring with the court in the decision then made, and I have heard nothing which leads me to suppose we were mistaken.

Certainly there can be no doubt as to the principle, that one of two joint owners or tenants in common of personal property cannot maintain replevin against the other. The one has no more right to the exclusive use or possession of a chattel so held than the other. It is too obvious for argument, and the authorities are as clear as the reason is unquestionable.* A few cases were cited on a previous occasion, and need not be repeated.

Nor can there be any more doubt as to the second position, that upon the plea of property, the traverse of the plaintiff's title, the reaffirmance of his title by the plaintiff, and the issue there taken, the affirmative is with the plaintiff, and the burthen of proof lies on him. The whole difficulty, the mystification of a matter in itself so simple, lies in misapprehension of the nature of the plea, in supposing it to be an affirmative plea, instead of what it really is, a mere traverse or denial of a material allegation in the plaintiff's declaration. In regard to this point, there is no peculiarity in the plea, nor is the effect here given to the special traverse of the plaintiff's title any exception to the general rules of pleading. However peculiar the action of replevin may be, in some of its features, this plea, in this respect, falls within, and is to be tested by the ordinary rules applicable to all pleading. Whether any, and if any, what effect is to be given to the introductory matter of the plea, beyond that of mere inducement to the special tra-

---

* "If two be possessed of chattels personal in common by divers titles, &c., if the one take the whole to himself out of the possession of the other, the other hath no remedy but to take this from him who hath done to him the wrong to occupy in common, &c., when he can see his time," &c. *Litt.* ? 323. So Lord Coke, in his comment on this passage: "If one tenant in common take all the chattels personal, the other hath no remedy *by action*, but he may take them again." *Co. Litt.* 200 *a.* See *Cowp.* 450; 1 *Salk.* 290.

verse, is not now the subject of remark, but will be alluded to more particularly hereafter. By a traverse a matter is denied by one party, which has been alleged by the other, and of which he is thus put to the proof, and bound to maintain. A special traverse is when some one material allegation in the prior pleading is selected, and made the subject of distinct denial. The allegation, thus denied, becomes the matter material in the issue, and not the inducement by which, according to legal formalities, the traverse is prefaced.

The plea is not an affirmative plea, or a plea by way of confession and avoidance. It is true it puts the plaintiff to no proof in order to maintain his action, but of the very allegation selected for denial ; still it does not confess any thing, and then avoid its effect by the introduction of new matter. It does not confess the allegation of property in the plaintiff, and then avoid its effect by new affirmative matter. It simply denies ; and the inducement, in relation to the point which I am now considering, is merely an indirect denial, introductory to, and the foundation of the direct denial which immediately succeeds. The allegation, that the property belongs to the defendant, is mere inducement to the traverse, and issue cannot be taken on that allegation. *Brown* v. *Bissett,* 1 *Zab.* 267. The erroneous conclusions of Justice Ford, as I suppose them to be, in an opinion much relied on by the counsel of the plaintiff in error, are the consequence of the misapprehension of the learned judge on this point. (See 3 *Har.* 348.) He treats the plea, throughout the opinion referred to, as a plea of justification, confessing and avoiding the case made by the plaintiff, when, according to my judgment, it has not one characteristic of such plea ; it is simply a negative, and not an affirmative plea.

The effect of a special traverse is strikingly exemplified in a case cited on a former occasion. The declaration was in case, for carelessly impinging with a ship against the plaintiff's bridge, and thereby doing damage. Plea, that the plaintiff improperly narrowed the channel by an obstruction ; *without this,* that the damage was occasioned by the carelessness of the defendants. It was held that, under this plea, the defend-

ants were entitled to give evidence in disproof of carelessness, after they had failed to establish the obstruction imputed to the plaintiff. *Cross Keys Company* v. *Rawlings*, 3 *Bing. N. Cas.* 71.

The character of the plea will be obvious, not only from the nature and effect of a special traverse, which appear from the reasons given, but from the form of the entries. The plaintiff alleges property in himself. The defendant, after a formal inducement, traverses and denies that allegation, which traverse, being material, must be met. The plaintiff is bound to accept the traverse so tendered. He must reaffirm his own title, and is then bound to maintain it by proof. But it is only necessary for him to *reaffirm his own title,* and no notice need be taken in the replication of the matter stated in the introductory part of the plea, and many precedents are so drawn. 2 *Lil. Entr.* 357, 358; *Ib.* 512; 2 *Rich. K. B.* 456; *Rastall's Entr.* 577; *Clift's Entr.* 654, &c.

Undoubtedly the response of the verdict, in the affirmative or negative of the issue so formed, will be a good answer. If for the plaintiff, it will be in the affirmative, that the property was in the plaintiff. 2 *Lil. Entr.* 512. If for the defendant, it will be sufficient to enable him to go without day and in bar of damages, if it simply negative the allegation of the plaintiff. What may be necessary to enable the defendant to have a return, is another inquiry.

Much remark has been made on the point, that property in the defendant and the plaintiff must be pleaded in abatement, but it is a point that does not come in question. It seems clear that property in the defendant may be pleaded either in abatement or in bar, and the evidence applicable to such issue has been settled by the former decision.

But there is a point now presented which it was not necessary to consider on the former review, a point in some measure obscured by the labor spent by counsel on what was previously clearly settled. Exclusive property in the plaintiff, as already shown, is necessary for the maintenance of this action. If the title set up in the delaration be denied, he is put to the proof of such ownership, and, unless it be made out, he must

fail in the action, and a verdict will go for the defendant. So far is very clear, but the point is, what must be shown by the defendant, and what must be found by the verdict to entitle the defendant to a return?

In this action, that the defendant may be in *statu quo*, he must not only show some ground upon which the writ may be quashed or the action defeated, but, also, that he ought to have a return; and for this reason it is often said, that both parties are actors in replevin. In many cases the defendant must set out his title in a formal avowry, and prove that title in order to have a return. The plea denying the caption, or confessing and avoiding it, may be *quoad* the damages only, the avowry is *pro retorno habendo*. A plea of property in the defendant, or in a stranger, disaffirms the title of the plaintiff, and, it is said, gives a return without a conusance *pro retorno habendo*. The allegation in the inducement of property in the defendant, or in a third person, seems to stand in the place of an avowry, and to serve as an avowry. Whether founded on accurate reasoning or otherwise, it is clearly established for law, that the defendant shall have a return, because, as is the reason given, he had the possession, which was illegally taken from him by the replevin, *when the plaintiff had no right*. Such plea is said to disaffirm the title of the plaintiff. *Butcher* v. *Porter*, 1 *Salk.* 94, *note; Pusgrave* v. *Saunders*, 1 *Salk.* 5; *S. C.* 6 *Mod.* 81; *Wilkinson* 48, 91; *Gilb.* 212, 213, &c.

But is such the rule when the plaintiff and defendant have equal rights, and are equally entitled to the possession of the chattel? The evidence in this action, assuming it to have been satisfactorily proved, was not that the property was in the defendant or in a stranger, but in the plaintiff and defendant; that is to say, that the plaintiff and defendant were joint owners of the chattel in controversy, and that each had an equal right to the possession. It defeats the action, for it shows that the plaintiff was not sole owner, and had not the right of exclusive possession. But will it entitle the defendant to a return, when it shows that the plaintiff has an equal right with himself to the possession? Supposing the plea to have alleged such ownership, if properly pleaded, (whether in

abatement or in bar, it is not now necessary to inquire,) it would have defeated the action: but would it have sustained a judgment of return, when it showed on its face that each party had equal rights, and that the one had no more right to the exclusive possession than the other? It is said, in a treatise on the subject of replevin, in regard to a return without cognizance or avowry, "In order to settle this, it will be necessary to take a distinction between pleas that *disaffirm* property in the plaintiff, and pleas that admit the property in the plaintiff. As if the defendant in replevin pleads property in the beasts in himself, or in a stranger, (whether it be pleaded in abatement, or pleaded in bar of the action or by justification,) if the defendant prevails in it, he shall have return without any avowry, because if these pleas be true, they destroy all right of complaint in the plaintiff for the caption and detention; and if the plaintiff hath no right to the replevin under the present form, nor under any other, he ought to have no benefit from his unjust complaint; and therefore the court must award restitution of the beasts to the defendant, out of whose possession they were taken by the replevin. If the defendant pleads property in the plaintiff and J. S., though this plea may abate the replevin under the present form, yet by *admitting the property in the plaintiff*, it shows that the plaintiff and J. S. have a right to a replevin, though under *another form*, and consequently the defendant shall not have a return of the plaintiff's beasts, unless he shows good cause for such return, and avoids the injustice of the first caption complained of by the plaintiff." *Wilkinson* 91, 92, cites *Gilbert* 212, 213, &c., 127, (*ed.* 1792). Again, "If defendant in replevin claims property in himself, he shall have a return without a conusance, *because his plea destroys the plaintiff's title*. So if he says property in a stranger, and makes no conusance, if that matter be admitted by the plaintiff; for in that case, by the admittance, the plaintiff's property is destroyed. But in all pleas that do not show *the property out of the plaintiff* there must be a conusance made, and the plea is what only is answerable, and not the conusance, for to traverse that would be a discontinuance." *Crosse* v. *Bilson,* 6 *Mod.* 103; 19 *Vin.* 25 *n. tit*

" *Replevin* " (*C. a.*) The conusance which goes for the return is not traversable, " but the plaintiff must maintain the form of his own count without falling on the title of the defendant." *Gilbert* 128, (*ed.* 1792).

If the inducement to the plea serves as an avowry, it would seem to follow, that though not traversable, still that its truth must be proved in evidence and found by the verdict, not in order to defeat the action, and *quoad* the damages, but in order for a return. The point is somewhat obscure, and requires a much greater examination of the ancient entries and authorities than I have been able to make. The cause, in the view I take of another part of the case, may be settled without the decision of this question, and, though not without a strong impression on the subject, yet I pass it without any attempt to settle it on the present occasion.

It is urged, as ground of error, that the defendant below ought not to have been permitted to prove ownership of the vessel by parol merely, the plaintiff having first shown title in himself, or at least made *prima facie* proof of title by the usual documentary evidence, a bill of sale and the enrolment, on the oath of the plaintiff that he was the sole owner. Undoubtedly the proof to overcome such evidence ought to be satisfactory, and a jury might well listen with hesitation and distrust to loose declarations as to title in opposition to documentary proof. But I am not prepared to say that such testimony is inadmissible, or that title to a vessel may not be shown, as between vendor and vendee, without a formal bill of sale. The doctrine in England, as held in the cases referred to, seems to rest very much upon the strong language of the registry laws of that country, and may not be generally applicable here, in cases where the national character of the vessel is not in controversy. It is not, however, necessary to express any opinion upon this point, or as to whether, in this case, the defendant had not concluded himself at law from denying the legal title of the plaintiff by his own action in regard to the documentary evidence of title : it does not appear, by the bills of exception, that either point was raised below, and therefore it is not open here.

Again, it is objected that leading questions were addressed to a witness, whose evidence was brought before the court by depositions taken upon a commission. But it is an objection which in such case cannot be first raised at the trial. Before the interrogatories can be addressed to the witness, whose testimony is to be taken by commission, they must be approved by the court or a judge, an opportunity being first given to the opposite party for objection, if he thinks proper. *Rev. Stat.* 960. If there is any objection to any one or more of the interrogatories in point of form, it ought then to be made. It is unreasonable that such objection should be first raised at the trial, to the surprise and injury of the party, after the expense of executing the commission, and in regard to a matter which might have been rectified, had the objection been made at the time of settling the interrogatories. Taking this view, it is not necessary to examine the character of the interrogatory. But it may be proper to remark, that it is often necessary to direct the attention, and it may be especially necessary when the questions are addressed to an absent witness by means of a commission. How far this shall be done, is a matter that must lie in the discretion of the court or judge, and therefore does not seem in any case to be the ground of an assignment of error. If the discretion be improperly exercised, the proper redress is by application for a new trial.

Another matter urged as error was, that the judge admitted proof of what a deceased witness had testified on a former trial between the same parties, without first proving the fact of such trial by the record. The error was subsequently cured by the production of the record, as appears by the bill of exception, and the court will therefore not reverse for this cause.

But there is one matter which has been urged, and to which no satisfactory answer has been made by the counsel of the defendant in error. It became material and important on the trial, on the part of the defendant, in order to prove property in himself to one moiety of the vessel, to prove payment by him to the plaintiff for that half. One witness (Isaac Asay), produced by the defendant, testified that, being present at a conversation between Hunt and Chambers, Hunt told Cham-

bers that he had given him a big bill on Mills, or Miles, and that if he would give it back to him, he might take the sloop. The witness thought it was something like $800 or $1000. To show the character and amount of the order referred to, and that it operated as payment of such sum from Hunt to Chambers, parol proof of its contents was given, the order not being produced or any ground laid for secondary proof. Without any proof of its loss, or any notice given to the opposite party to produce it, another witness was then asked if he had not seen an order of Hunt on Mills, in whose favor, and for what sum, &c. The witness was thereupon permitted to testify as to the contents of this order, how receipted, &c. Now this we take to have been an error.

It is clearly competent to prove payment by parol, or rather by verbal testimony, even though there may be written evidence, as a receipt or order. Here, if the object had been simply to prove payment by direct proof, verbal evidence would have been sufficient, but the object of the evidence was not to prove payment in such mode. It was to prove payment by the contents of the written order, and in such case a receipt or order, or other document, showing payment, is clearly within the general rule, that the best evidence which the nature of the case admits of must be given. The instrument must be accounted for, or other ground laid, before secondary evidence of its contents can be admitted. See 2 *Cow. Phil. Ev.* 547, where the cases are collected in the notes of the American editors. On this ground, we are of opinion that the judgment of the Supreme Court must be reversed.

Reversed.

*For reversal*—The CHANCELLOR and Justices CARPENTER, and OGDEN, and Judges SPEER, PORTER, SCHENCK, McCARTER, and SINNICKSON—8.

*For affirmance*—None.

CITED *in Mershon* v. *Hobensack*, 2 *Zab.* 377.