CHARLES WOODWARD ET AL., PARTNERS, APPELLANTS, v. JAMES A. HARDEN, RESPONDENT.

Submitted February 7, 1925—Decided November 24, 1925.

1. An appellate court will consider only those alleged errors to which the attention of the trial court has been directed by counsel and those grounds upon which the challenge to the court's ruling or instructions was there rested.

2. A broker who has been employed by the owner of property to procure a purchaser therefor is entitled to the commission agreed to be paid to him if he produces a person able and willing to buy at the purchase price fixed by the owner, notwithstanding that the intended sale is never consummated, where the failure results solely from the fact that the intending vendor is unable to give a good title to the property which is the subject of the contemplated sale.

3. The question whether a verdict is against the weight of the evidence is one that cannot be considered on an appeal from a judgment rendered upon such verdict.

---

On appeals from the Essex Common Pleas.

Before GUMMERE, CHIEF JUSTICE and Justices PARKER and KATZENBACH.

For the appellants, *John F. Faughnan.*

For the respondent, *W. Howard Demarest.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiffs brought this suit to recover the sum of $300, which they claim had been paid to the defendant for their use.

The defendant denied the existence of the alleged indebtedness, and filed a counter-claim, in which he asserted that the plaintiffs owed him the sum of $700.

The facts upon which the claim and counter-claim were based are as follows: The plaintiffs were engaged in the garage business in the city of Newark. This business had, prior to its being acquired by them, been conducted by a man named Vogel, who occupied the property in which the business was being conducted under a lease from the owner. Vogel, desiring to retire from the business, agreed to transfer the chattels and fixtures used in the business and assign the lease to the plaintiffs, the assignment to be executed and delivered when the whole of the purchase-money had been paid, possession of the garage and its appurtenances in the meantime to be immediately delivered by him to the plaintiffs. This transaction was carried out, but before the plaintiffs had completed their payments, and before they had obtained the assignment of the lease from Vogel, they determined to sell out the business, and employed the defendant, Harden, as a broker, to procure a purchaser thereof, the price to be paid being fixed at $10,000, the broker's commission to be ten per cent. The defendant thereupon took up the matter with one Siegfried, with the result that the latter agreed to purchase the business for the price named, and paid to Harden, the defendant, the broker, $300 on account of the purchase price. Subsequently, and on the 1st of April, Siegfried and the plaintiffs entered into a written agreement by

which the latter agreed to sell, and the former agreed to buy, the garage business, together with all chattels, properties, *leaseholds* and good-will connected therewith, at the price of $10,000, the transfer to be completed, and the necessary legal documents to be executed and delivered on April 10th following; and, upon the execution of this agreement, Siegfried paid to the plaintiffs $700 more, making a total payment of $1,000 on account of the purchase-money. When the time for performance arrived the plaintiffs were unable to carry out their contract by assigning the lease, for the reason that they had not been able to obtain an assignment thereof from Vogel, the lessee named therein. In this situation, the parties thereto called the contract off, and plaintiffs returned to Siegfried the $1,000 which he had paid on account of the contract price. The contract being at an end, and all the moneys which Siegfried had paid having been refunded to him, the plaintiffs demanded of the defendant that he deliver over to them the $300 which he had received from Siegfried on account of the purchase price. This the latter refused to do, claiming that he was entitled to retain that money and to receive also from the plaintiffs $700 in addition, this claim being based upon a promise made by the plaintiffs to him, as he alleged, to pay him ten per cent. on account of the purchase price in case he produced a purchaser willing and able to take over the business and the leasehold estate. The present suit was brought by the plaintiffs to recover the $300 which they claim is wrongfully withheld from them by the defendant. The defendant resists the plaintiffs' claim upon the ground that he is entitled to retain this money as a part payment on account of his commission, and by his counterclaim seeks to recover from the plaintiffs $700, in addition to the $300 already in his possession, as commission due him.

The trial resulted in a verdict of no cause of action, so far as the plaintiffs' claim was concerned, and in a verdict for $700 in favor of the defendant on his counter-claim; and the plaintiffs have appealed from the judgment entered upon these verdicts.

The first ground of appeal argued before us is that the court erroneously refused to direct a verdict for the appellant upon the ground that there was no evidence that the plaintiffs had agreed to pay a commission. This contention is based upon a misapprehension of the facts. The employment of the defendant by the plaintiffs as a broker to sell their garage business was in writing, and it was specified in that writing that ten per cent. commission was to be paid. It is true that the writing does not say the commission was to be calculated upon the purchase price, although that would seem to be the plain meaning of the words. But whether this construction is a proper one or not we are not now called upon to decide, for the motion to direct was rested upon the broad ground that there was no evidence that the plaintiffs agreed to pay any commission whatever, and not that the basis upon which the commission was to be calculated had been left in uncertainty.

The next ground of appeal is that the court erroneously charged the jury that if they found for the defendant he was entitled to a commission of ten per cent. upon the purchase price of $10,000; but the only basis upon which the exception to this instruction was rested, as stated to the trial court, was that there was no testimony submitted in the cause showing that the defendant was entitled to any commission whatever. This contention, as we have already pointed out, was without foundation of fact; and as, on appeal, this court will consider only those alleged errors to which the attention of the trial court has been directed by counsel, and those grounds upon which the challenge to the court's ruling or instruction was there rested (*Thibodeau* v. *Hamley*, 95 *N. J. L.* 180, and cases there cited), the appellant can take nothing by this ground of appeal.

The next ground of appeal is that the court erroneously refused to direct a verdict for the appellant for $300 on the ground that the defendant did not produce a person ready, willing and able to buy. But the refusal to direct a verdict in favor of the plaintiff upon this ground was entirely justified, for there was no suggestion in the proofs that the in-

tending purchaser, Vogel, was not both able, ready and willing to buy, providing the subject-matter of the sale could have been delivered by the defendant. It was their inability to perform, and not the inability or unwillingness of the intending purchaser, which caused the abandonment of the contract.

The next ground of appeal is that the court erroneously refused to charge the following request submitted by the plaintiffs: "A broker cannot recover commissions for the sale of realty under a contract, making the passage of title a condition precedent, where the purchaser refuses to complete the sale because of imperfect title." This refusal was clearly proper, for it dealt with a legal situation which had no relevancy to the case that was being tried. Whether a broker could recover a commission for sale of realty under the circumstances recited in the request was a matter that threw no light upon the right of the defendant to be paid a commission on the sale of a business, and the fixtures and chattels connected with the carrying on thereof, where that right was not made dependent, by his contract of employment, upon the consummation of the sale by the purchaser who should be procured by him.

Lastly, it is said that the judgment should be reversed, for the reason that the verdict was against the weight of the evidence. But, as has been frequently pointed out in our decisions, the question whether a verdict is against the weight of the evidence is one that cannot be considered on an appeal from a judgment entered upon such verdict.

The judgment under review will be affirmed.