AARON SLOIN, APPELLEE, v. MILDRED LAVINE, BY NEXT
FRIEND, APPELLANT.

Argued October 3, 1933—Decided November 15, 1933.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellant, *Maxwell A. Kraemer.*

For the appellee, *Nathan N. Schildkraut.*

PER CURIAM.

The defendant Miss Levine and plaintiff were engaged to
marry. He gave her an engagement ring and certain other
presents of minor value. They quarreled, the engagement
was broken off, and he brought replevin for what he had given
her. The court awarded her the other presents and him the
ring, and she appeals. The grounds of appeal are: (1) re-
fusal to nonsuit; (2) awarding ring to plaintiff instead of
to defendant.

The motion to nonsuit was on two grounds:

(a) That the evidence failed to show the plaintiff's right
to possession of the property.

(b) That the evidence showed the gifts were absolute.

It is now urged for appellant that no demand prior to suit
was proved. The appellee's brief states that this demand was
stipulated to have been made, but the state of the case fails
to show any such stipulation. However, the point was not
made on the motion to nonsuit or elsewhere in the case so
far as appears, and appellant is barred from taking it now.
*Woodward* v. *Harden*, 102 *N. J. L.* 31; 131 *Atl. Rep.* 62;
*Franklin* v. *Millville*, 98 *N. J. L.* 262; 119 *Atl. Rep.* 29;

*Allen* v. *Paterson,* 99 *N. J. L.* 489; 128 *Atl. Rep.* 884; *Glinsky* v. *Sennert,* 111 *N. J. L.* 285, 287; 168 *Atl. Rep.* 264.

So we have on the merits the simple case of an engagement ring and engagement broken and ring not returned. The decisions are not numerous, but we follow those holding what we deem the correct rule, viz., that such a gift is impliedly conditional, and must be returned, particularly when the engagement is broken by the donee, as the court was entitled to find in this case. *Williamson* v. *Johnson* (*Vt.*) 20 *Atl. Rep.* 279; *Jacobs* v. *Davis* (1917), 2 *K. B.* 532; *Cohen* v. *Sellar* (1926), 1 *Id.* 536; *Beck* v. *Cohen,* 262 *N. Y. Supp.* 716.

The judgment will be affirmed.