JACOB KLEINFELD, PLAINTIFF-APPELLANT, v. THE GEN-
ERAL AUTO SALES COMPANY ET AL., DEFENDANTS-
RESPONDENTS.

Argued October 21, 1936—Decided April 12, 1937.

For the appellant, *Thomas J. Kennedy.*

For the respondent, *Albert Comstock.*

The opinion of the court was delivered by

PERSKIE, J. The primary question requiring decision is
whether one of two joint owners of an automobile may main-
tain an action of replevin for that automobile against a
stranger?

The facts were stipulated. In January of 1932, Albert and
Henrietta Raymond, husband and wife, purchased, as tenants
in common, a 1930 Packard coupe automobile. Their bill
of sale was filed with and approved by the commissioner of
motor vehicles of New Jersey and a registration card was
duly issued to them as such owners.

Prior to their having purchased the automobile, the Klein-
feld Furniture Company obtained a judgment in the Clifton
District Court against Henrietta Raymond for $500. While
she was still the owner of an undivided one-half interest in
the automobile, the sergeant-at-arms of the District Court
levied thereon under said judgment and at the execution sale

sold all her right, title and interest to appellant, who was the plaintiff below. The day before the sale the husband served a claim of property with the sergeant-at-arms, who ignored it and proceeded with the sale without granting the ten-day delay authorized under the statute. See sections 190 and 191 of the District Court act. 2 *Comp. Stat.* 1709-1910, *pp.* 2008, 2009.

Thereafter plaintiff instituted an action at law, in replevin, for said automobile in the Passaic County Circuit Court against the Motor Plan Company, Tri-State Discount Company and John M. Mosley, acting chief of the police department of the city of Paterson, New Jersey, alleging an illegal taking thereof, &c. None of these defendants entered an appearance to said suit or appeared at the trial thereof. Neither the co-owner, Albert Raymond, nor respondent was made a party defendant to said suit by the plaintiff.

The General Auto Sales Company, however, petitioned the court for leave to intervene, alleging that the automobile was its property; leave to intervene was granted. Thereafter, it filed an answer in which it alleged, in substance, that it had the title to the automobile; that it purchased the automobile under a foreclosure sale of a chattel mortgage which had been executed on the automobile by one, Hilda Tucker, to the Motor Plan Company. The circumstances under which Hilda Tucker became possessed of the automobile so mortgaged is not made to appear.

At the trial defendant, who intervened as aforesaid, withdrew the allegation of title in its answer; it, in fact, withdrew all allegations set forth in its answer "except the denial of property and right of possession in plaintiff."

At this posture of the proofs the learned trial judge held that, while the exclusive property in the plaintiff was necessary to sustain the right of replevin, yet, since the intervenor had no paper title, nor a perfected lien thereon, that it was a stranger with no interest in the subject-matter, and, therefore, plaintiff was entitled to judgment. The Supreme Court, however, held, under the principle laid down in *Chambers* v. *Hunt,* 22 *N. J. L.* 552, 556, that plaintiff as owner of an undivided one-half interest in the automobile could not main-

tain replevin, and accordingly reversed plaintiff's judgment. 12 *N. J. Mis. R.* 726; 174 *Atl. Rep.* 469. It is the judgment based on the latter disposition of this cause that is here challenged. We think the Supreme Court was in error.

*First:* In the case of *Hunt* v. *Chambers* (1845), 21 *N. J. L.* 620, this court, by Mr. Justice Carpenter, held:

"To maintain replevin, the plaintiff must have the right of exclusive possession to the goods in question. He must not only have property absolute or qualified, and the right of possession at the time of the commencement of the action, but he must have the exclusive right of possession. Hence, as clearly appears from the books, *one joint-tenant or tenant in common cannot alone maintain replevin even against a stranger.* Much less can he maintain such action against a co-tenant. *Shaw, C. J., Barnes* v. *Bartlett,* 15 *Pick.* 76; *Wills* v. *Noyes,* 12 *Id.* 326; *McEldery* v. *Flannegan,* 1 *Harr. & Gill,* 308." (Italics supplied.)

We concur in so much of the quoted principle which holds that one of two joint owners or tenants in common cannot alone maintain replevin against the other. The reason is clear and persuasive; "the one has no more right to the exclusive use or possession of the chattels so held than the other." *Chambers* v. *Hunt, supra* (at *p.* 556). But we decline to hold that the same principle of law applied *"even against a stranger."* The holding in *Hunt* v. *Chambers, supra,* does not support it; reason and justice do not justify it.

In *Hunt* v. *Chambers, supra,* the action of replevin for a sloop was by one co-tenant against the other. Thus the defendant was no stranger to the proceeding. If there were any doubt as to our understanding of the holding in that case, it is entirely dispelled by Mr. Justice Carpenter when this case came to this court for the second time. In his opinion in *Chambers* v. *Hunt, supra,* referring to the opinion which he wrote for this court in the first case (*Hunt* v. *Chambers, supra*) he said (at *p.* 554): "As I understand it we then held, as clear law, that one of two joint owners, or tenants in common of personal property, could not maintain replevin against the other; and further, that in such

action property being pleaded by the defendant, the affirmative of the issue joined on such pleas was on the plaintiff." The statement in *Hunt* v. *Chambers, supra,* that the inhibition was applicable "even against a stranger" was "an expression of opinion by the court or judge on a collateral question not directly involved * * *." It was, therefore, clearly *obiter dictum. Crescent Ring Co.* v. *Travelers Indemnity Co.,* 102 *N. J. L.* 89; 132 *Atl. Rep.* 106.

And the attempt to extend the sound inhibition which applies in a suit between joint owners or tenants in common of personal property to a suit by one of two joint owners or tenants in common of personal property *"even against a stranger,"* finds no support in reason and justice.

Persons who may be joined as parties, and pleadings, in replevin, save as modified by statute and regulated by Supreme Court rules, are, by legislative mandate, the same as prevailed at common law. See "act to regulate the action of replevin," 3 *Comp. Stat.* 1709-1910, *pp.* 4368, 4372, 4373; rules of Supreme Court, 72 to 74, inclusive.

At common law it was said that "several persons cannot join their several rights in this action, but each must have a separate replevy *(B. N. P.* 52) ; but joint tenants in common may. *Co. Lit.* 145." 2 *Saunders on Pleading and Evidence* 770; and "where there are several owners of a chattel all must join in the action * * *." 1 *Dunlop & Tidds Practice* 40. *Cf.* 1 *Chit. Pl.* 73. The subject-matter is summarized under caption, Joinder in Replevin Against Third Parties, 7 *R. C. L.* ¶ 112, *p.* 911. And there it is said "from a very early date the rule prevailed at the common law, that the right of the co-owners of personal property to its possession was a joint right, to be vindicated only by a joint action." But as to non-joinder see paragraph 9, chapter 321, *Pamph. L.* 1912, *pp.* 377, 379.

It is, however, well settled that "a tenant in common is entitled to possession of the common property as against all the world save his co-tenant; and no one can complain of the exclusive use of the common property by one tenant in common except his co-tenant." 62 *C. J.* 424. It would indeed be a harsh and unjust rule if it were otherwise.

Let us suppose, not by way of limitation but rather for the purpose of illustration, that one of two joint owners of personal property is temporarily out of the jurisdiction of the state, or is ill, or otherwise incapacitated, so that he cannot join in a suit by his co-owner for the return of the property, or that he deliberately refuses to join in such a suit, is the other joint owner without legal remedy when that personalty is in possession of a total stranger, who neither claims the right of possession thereto nor has any interest therein? We think not.

It will serve no useful purpose to re-state applicable pleadings in action of replevin to recover personalty. They are fully stated in the cases of *Hunt* v. *Chambers, supra,* and *Chambers* v. *Hunt, supra,* and those that follow. The provisions of the statute and the rules of court permit of no doubt. Suffice it to observe that plaintiff's burden to establish ownership in himself, absolute or qualified, with the right of exclusive possession at the time of the bringing of the replevin action (*Merchants Securities Corp.* v. *Lane,* 106 *N. J. L.* 169; 147 *Atl. Rep.* 385), cannot be invoked successfully upon a plea filed by a stranger, as did defendant here, denying property and right of possession in plaintiff, when the plea of that stranger utterly fails to disclose any claim of possession to or interest in the chattel in question. Nor did the defendant, by way of counter-claim, claim a return of the automobile or damages. Supreme Court rule No. 74.

We are of the opinion that, as between the plaintiff and defendant, under the proofs exhibited, the former unquestionably had, at the time of the bringing of the suit, a qualified ownership in and exclusive right of possession to the automobile.

*Second:* It is argued that the sale by the sergeant-at-arms was void. The record on this point is meager. It is, however, sufficient to mark the fact that the co-owner did not intervene as a party to the cause, nor does he presently complain. Defendant cannot be heard on this score.

Judgment is reversed.

*For affirmance*—TRENCHARD, HETFIELD, RAFFERTY, JJ. 3.

*For reversal*—THE CHANCELLOR, LLOYD, CASE, HEHER, PERSKIE, DEAR, WELLS, WOLFSKEIL, COLE, JJ. 9.