BERGEN COUNTY CIRCUIT COURT.

JOHN T. EVANS, PLAINTIFF, v. EDWARD J. MARTIN, DEFENDANT.

Decided January 6, 1948.

For the plaintiff, *Major & Carlsen.*

For the defendant, *Arthur A. Donigan.*

LEYDEN, C. C. J.  The plaintiff and his wife are the owners of their home as co-tenants by the entirety.  The house has five rooms and a bath.  The defendant, Martin, is the son of Mrs. Evans by a prior marriage and has lived with his mother all of the twenty-five years of his life.  Presently he occupies the front bedroom on the second floor with the asserted privilege of using the remainder of the house and grounds except the rear bedroom.  Marital difficulties have arisen between Mr. and Mrs. Evans and the plaintiff has ordered defendant to vacate the room and establish himself elsewhere.  He refuses to leave, hence this ejectment suit.

The complaint is in the usual form and the amended answer denies the truth of the matters contained therein and sets up a separate defense (see *S. C. R.* 185) that defendant is a tenant of Mrs. Evans and plaintiff.  The motion is to

strike the denial as sham and the defense as insufficient in law.

The answering affidavits of defendant and Mrs. Evans demonstrate beyond question that the relation of landlord and tenant does not exist and at best the defendant is merely a boarder paying $15 per week to Mrs. Evans for his room and meals. Mr. Evans' consent to this arrangement, if ever given, has been long since revoked. The situation presented is not unlike that in *Chapman* v. *Mitchell, 23 N. J. Mis. R.* 358; 44 *Atl. Rep.* (2d) 392, except that there the strangers were a handyman and granddaughter and no board was paid.

The matter resolves itself into the question: can one co-tenant assign a room to a boarder against the will of the other co-tenant and thus deprive him of his right to full possession of the entire property?'

We start with the proposition that in an estate by entireties the seizen of the husband and wife during their joint lives is essentially a tenancy in common, terminated on the death of either, with remainder in fee to the survivor. *Schulz* v. *Ziegler, 80 N. J. Eq.* 199; 83 *Atl. Rep.* 968. The fact that the property was paid for by the wife out of her own funds and her husband's interest therein was a gift from her, as is urged in the answering affidavits, is of no moment. *Neubeck* v. *Neubeck, 94 N. J. Eq.* 167; 119 *Atl. Rep.* 26.

A tenant in common has the right to the full possession of all the property held in co-tenancy except only as it is limited by the equal right of his co-tenant. Neither co-tenant has the right of exclusive possession of any portion of the common property. Hence Mrs. Evans may not deprive the plaintiff of possession of a portion of the property through the instrumentality of a boarder without his consent.

The plaintiff has the right to full possession of the common property as against all the world save his wife. *Kleinfeld* v. *The General Auto Sales Co., 118 N. J. L.* 67; 191 *Atl. Rep.* 460. The defendant as a boarder is a stranger to the title and right to possession and as such cannot defend as against the plaintiff. His denial of the truth of the matter alleged in the complaint is sham and his separate defense is insufficient. The answer will be stricken.