HARRY KRASSAN, PLAINTIFF-RESPONDENT, v. EDWIN
SWEETEN, DEFENDANT-APPELLANT, AND AMY
SWEETEN, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued December 11, 1950—Decided December 20, 1950.

Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN,
JR.

*Mr. John Henry Reiners, Jr.,* argued the cause for the
appellant.

*Mr. Guy Lee, Jr.,* argued the cause for the plaintiff-re-
spondent.

*Mr. Lynwood Lord* filed a brief for the defendant-re-
spondent.

The opinion of the court was delivered

PER CURIAM. The plaintiff recovered a judgment in the Gloucester County District Court against the present appellant, Edwin Sweeten, for groceries sold and delivered to the latter's wife.

Unlike the companion case of *Smedley v. Sweeten,* 11 *N. J. Super.* 39 (*App. Div.* 1950), we perceive here no occasion to consider the implied agency of a wife to pledge her husband's credit in the purchase of necessaries.

The statement of the evidence submitted in pursuance of *Rules* 1:2–23 and 4:2–6 discloses that the plaintiff testified "that Mr. Sweeten had authorized him to deliver the groceries enumerated in the book account to Mrs. Sweeten and that he would be responsible for the debt," and that the plaintiff "denied that Mr. Sweeten had at any time directed him to discontinue the account." We find no contradiction of that testimony in the record before us. Moreover we are informed in the statement of the evidence of an affidavit made by Mr. Sweeten in a matrimonial cause in which he deposed: "In addition to providing my wife with a home, she also has the privilege of going to Krassan's store in Woodbury, where she may purchase unlimited amount of meats, vegetables and groceries for her demands and the bills for the purchase of the said commodities are paid by me."

*Wanamaker v. Ulizio,* 102 *N. J. L.* 166 (*E. & A.* 1925), records a case in which the wife opened an account in her husband's name, with his knowledge and consent.

In the present case the judgment eventuated from proof of the breach of an express contract.

The judgment is affirmed.