11 N.J. Super. 27 (1950)
77 A.2d 493
JANET B. MANDELBAUM BY MORRIS MANDELBAUM, HER GUARDIAN AD LITEM, PLAINTIFFS-RESPONDENTS,
v.
SEYMOUR WEISS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 27, 1950.
Decided December 20, 1950.
*28 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. Victor H. Miles argued the cause for the plaintiffs-respondents.
Mr. Milton Miller argued the cause for the defendant-appellant (Mr. Julius Cohn, on the brief).
The opinion of the court was delivered by EASTWOOD, J.A.D.
This is an appeal from a judgment of the Ocean County District Court entered in favor of the plaintiff and against the defendant in the sum of $357.40, *29 and costs in a replevin action for the recovery of certain chattels alleged to have been the subject of conversion by the defendant.
Janet Mandelbaum and Seymour Weiss were engaged to be married and three parties were held in their honor in January, 1949. The articles that are the subject of this suit were received by the engaged couple at these engagement parties, with cards accompanying the gifts bearing an inscription indicating that the gifts were intended for "Janet and Seymour."
The parties agree that the gifts were reposed in the custody of the prospective groom for safekeeping until their marriage took place. Several months thereafter the aura of betrothal bliss which had enveloped the parties had lifted and their engagement was broken. The evidence as to the exact date of the disengagement is somewhat inconclusive. However, it is apparent that the parting was by mutual consent and the prospective bride returned the engagement ring to her previously intended husband.
Mr. Weiss apparently did not reciprocate the plaintiff's gracious voluntary act of returning the ring by a similar gallant gesture of compliance with plaintiff's request for the possession of the gifts. Consequently, she instituted an action in replevin and seeking damages for their unlawful detention. Evidently, the parties were not inclined to consider their proposed marriage as a sacred status, but rather as a business or commercial transaction. The trial court determined that social custom, whenever practical, requires the delivery of engagement gifts to the intended bride and having found that the defendant had converted the gifts to his own use, directed the entry of the aforementioned judgment.
The defendant contends that the gifts in question are owned by the parties as tenants in common; that the plaintiff has failed to sustain the burden of proving a paramount right to possession and, therefore, an action of replevin will not lie.
The plaintiff contends that social custom in America recognizes a paramount right in the intended bride to the possession *30 of engagement gifts. She alleges that engagement gifts are given upon a condition subsequent (the marriage of the engaged couple), and upon the breach of engagement the parties are divested of joint title in the gifts and title is transferred solely to the party whose future happiness originally induced the gift. It is on this theory that plaintiff contends the gifts, allegedly given by her relatives, should be returned to her.
It is true that much of our law finds its origin in custom. However, this court is aware of no social custom which compels the award of engagement gifts to the disappointed bride. Consequently, judicial notice cannot be accorded thereto.
As a general proposition, a tenancy in common exists whenever an estate in real or personal property is owned concurrently by two or more persons under a conveyance or circumstances which do not expressly or impliedly call for some other form of co-tenancy. The nature of the relationship of a tenancy in common is such that possession is per my and not per tout and each tenant owns his portion of the whole. In the instant case the engagement gifts were admittedly given to "Janet and Seymour" without any apparent reservation. Under such circumstances, we feel constrained to hold that a tenancy in common in the subject matter of the gifts was created. Kantor v. Kantor, 133 N.J. Eq. 491 (Ch. 1943); 62 C.J., Tenancy in Common, § 1, p. 408. To succeed in her replevin action, the burden was upon plaintiff to establish that she had an absolute ownership and right to the possession of the chattels. This she failed to do. Accordingly, the relief sought by plaintiff cannot be accomplished by an action in replevin. The judgment must be, therefore, reversed. This rule was established in the case of Hunt v. Chambers, 21 N.J.L. 620, 623 (E. & A. 1845), wherein the court stated:
"To maintain replevin, the plaintiff must have the right of exclusive possession to the goods in question. He must not only have property absolute or qualified, and the right of possession at the time of the commencement of the action, but he must have the exclusive right *31 of possession. Hence, as clearly appears from the books, one jointtenant or tenant in common cannot alone maintain replevin even against a stranger, much less can he maintain such action against a co-tenant. Shaw, C.J., Barnes v. Bartlett, 15 Pick. [71] 75; Wills. v. Noyes, 12 Ib. 326; McElderry [McElderry] v. Flannegan, 1 Harr. & Gill. 308."
The rule was modified in Kleinfeld v. The General Auto Sales Co., 118 N.J.L. 67, 69 (E. & A. 1937), wherein Mr. Justice Perskie, speaking for the court, stated:
"We concur in so much of the quoted principle which holds that one of two joint owners or tenants in common cannot alone maintain replevin against the other. The reason is clear and persuasive; `the one has no more right to the exclusive use or possession of the chattels so held than the other.' Chambers v. Hunt, supra (22 N.J.L. 552, at p. 556). But we decline to hold that the same principle of law applied `even against a stranger.' The holding in Hunt v. Chambers, supra, does not support it; reason and justice do not justify it."
The trial judge found that the plaintiff was the sole owner of the gifts and, therefore, under the authority of Sloin v. Lavine, 11 N.J. Misc. 899, 168 A. 849 (Sup. Ct. 1933), her action in replevin was the proper procedure. In view of our finding that the parties are co-tenants, a perusal of the Sloin case indicates that it is not applicable. The engagement between Mr. Sloin and Miss Lavine having been terminated, Sloin instituted a replevin suit for the return of the engagement ring and other gifts he had made to her. The action was instituted and decided on the theory of absolute ownership of the chattels and the question of title as co-tenants does not appear to have been raised or decided. The Kleinfeld case, supra, is dispositive of the issue presently before us.
The judgment of the Ocean County District Court is reversed, with costs.